UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DIVISION

Case No.

| | |
|---|---|
| EDDIE NEAL, an individual, and Joel Borgella, an individual, as an interested party<br><br>        Plaintiffs,<br><br>vs.<br><br>SPORTS STATS IQ LLC, a Florida limited liability company, CHRISTOPHER J. VAN DAM, P.A., a Florida for profit corporation, CHRISTOPHER JAMES VAN DAM, an individual, and SYLVESTER BUTLER, an Individual.<br><br>        Defendants | **DECLARATORY JUDGMENT FOR PATENT INVALIDITY**<br>(Patent invalidity for uncorrectable coinventor nonjoinder) |

Plaintiff EDDIE NEAL ("**NEAL**") states the following for his Complaint against defendants SPORTS STATS IQ LLC, ("**STATS IQ**"), CHRISTOPHER J. VAN DAM, P.A., a Florida for profit corporation, CHRISTOPHER JAMES VAN DAM, an individual, (collectively "**VAN DAM**") and SYLVESTER BUTLER, ("**BUTLER**") an Individual

## I.   NATURE OF THE ACTION

This is an Action for a Declaratory Judgment under the Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202, based on actual controversies pending in civil litigation in the 11th Judicial Circuit in and for Miami-Dade County, Florida Case No. 2022-005120 CA-01 and in civil litigation in the 19th Judicial Circuit in and for Okeechobee County, Florida Case No. 2022-CA-95, wherein the validity of U.S. Patent No. 10,143,908 ('908) to BUTLER is central to both of these causes of action. Further, this Action is necessary for judicial efficiency by allowing Federal

questions to be addressed by this Court, which are also central to both pending litigation causes of action in Florida, specifically to determine if the actions of both BUTLER and/or VAN DAM in prosecuting and obtaining the '908 patent were in compliance with 35 U.S.C. §§101, 115, and 256 and were also in compliance with 37 C.F.R. §§1.56(a) and 1.63. Additionally, a determination whether a breach of the duty of candor to the United States Patent and Trademark Office (USPTO) was breached by BUTLER and/or VAN DAM, with respect to claims of inventorship of the '908 patent is needed to allow the present pending causes of action to advance. The conduct by VAN DAM and/or BUTLER in their interactions with the USPTO are central to the issues in both of those pending cases, and are matters for determination by the Federal Circuit.

This Action seeks a Declaratory Judgment that U.S. Patent No. 10,143,908 (the "'908 Patent") is invalid and unenforceable as a result of the misconduct of the sole listed inventor, Sylvester Butler ("BUTLER"), and Patent Attorney Christopher Van Dam ("VAN DAM"). Specifically, Plaintiff Eddie Neal ("NEAL") seeks a determination that the '908 Patent is fatally tainted by the uncorrectable nonjoinder of true coinventors, including NEAL, and by inequitable conduct before the United States Patent and Trademark Office ("USPTO"). The '908 Patent, which discloses computer-based methods for predicting sporting event outcomes, was obtained through material misrepresentations and deceptive omissions orchestrated by BUTLER and VAN DAM, who knowingly excluded NEAL's inventorship contributions during the prosecution of Continuation-in-Part Application No. 15/886,779 (the "'779 Application"). Plaintiff NEAL demands that this Court invalidate and render unenforceable the '908 Patent based on these wrongful acts, thereby correcting the injustice perpetrated upon the USPTO and preserving the integrity of the patent system.

## II.    **PARTIES**

1.      Plaintiff, EDDIE NEAL, is an individual, over the age of 18, sui juris, and with its domicile located at 1224 NE 16 Avenue, Okeechobee, FL 34972.

2.      CHRISTOPHER JAMES VAN DAM, is an individual, over the age of 18, sui juris, and with its domicile located at 19600 NE 21 CT, Miami FL 33179.

3.      CHRISTOPHER J. VAN DAM, P.A. is a Florida for profit corporation, with its principal place of business at 19600 NE 21 CT, Miami FL 33179.

4.      Defendant SYLVESTER BUTLER, , is an individual, over the age of 18, sui juris, and continues to reside in Okeechobee County, Florida.

5.      SPORTS STATS IQ, LLC, is a Florida limited liability company, with its principal place of business 1873 NE 3RD ST OKEECHOBEE, FL 34972.

6.      Joel Borgella, is an individual, over the age of 18, sui juris, and with a residence at Port St. Lucie, FL.

7.

### III.      JURISDICTION AND VENUE

8.   This action arises under the patent laws of the United States, 35 U.S.C. § 101 et seq. and under the Declaratory Judgment Act 28 U.S.C. §§ 2201 and 2202.

9.   This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 (federal question) and 1338(a) (patent jurisdiction).

10.  This Court has personal jurisdiction over Defendants because, among other things, Defendants have purposely availed themselves of the rights and benefits of the laws of Florida by engaging in systematic and continuous contacts with the state such that they should reasonably anticipate being haled into court here. Defendants are registered to conduct business in Florida and have regular and established places of business in this district. Specifically,

Christopher J. Van Dam is the Manager of CHRISTOPHER J. VAN DAM, P.A. which has a principal place of business of 19600 NE 21 CT, Miami FL 33179 and Sylvester Butler is the Manager of SPORT STATS IQ, LLC which has their principal place of business 1873 NE 3RD ST OKEECHOBEE, FL 34972. Additionally, all relevant activities involving this Present Action are believed to have occurred within this Jurisdiction.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the parties reside within this District, a substantial part of the events giving rise to the claim occurred in Florida, and the relevant business activities and communications concerning the alleged omission occurred in Florida.

#### IV.    GENERAL FACTS AND ALLEGATIONS

12.    Prior to 2014, NEAL originally conceived of a novel method of scoring in sporting events wherein one of the novelties included scoring of a competitive sports event which could also be determined using alternative scoring methods to include performance metrics from a team's defensive performance during that sporting event. (Exhibit A).

13.    Around 2014, NEAL approached BUTLER and they together entered into a joint venture to explore commercialization of NEAL's concept.

14.    NEAL and BUTLER retained VAN DAM for legal representation to pursue patent protection for NEAL's original concept.

15.    As an oral agreement between NEAL and BUTLER, they were both to financially contribute to commercialization efforts including pursuing intellectual property protection for NEAL's original concept.

16.    In or around 2014, Plaintiff NEAL sought out and retained Defendant VAN DAM as legal counsel, more specifically, as a patent attorney, to file on Plaintiff's behalf, a utility patent

(the "**Patent**"). True and correct copy of Defendant Van Dam and Plaintiff Neal Retainer Agreement and receipt of payment have been attached hereto and are incorporated herein by reference as Exhibits "B" and "C".

17.     VAN DAM was retained by NEAL on May 6, 2014 and VAN DAM continued to provide legal representation to NEAL individually and for NEAL's ownership interests in limited liability companies Team Defensive Scoring By Design LLC and Plus 1 D LLC.

18.      Further, VAN DAM provided other subsequent legal needs up until VAN DAM withdrew his legal representation in March 27 2020 (Exhibits B, C, and D).

19.     Although VAN DAM stated that he withdrew representation of both NEAL and BUTLER in March 27, 2020, it is believed that VAN DAM continues to date representing BUTLER in BUTLER's Patent, Trademark, and other business matters, with VAN DAM as recently as in 2022, managing BUTLER's patent maintenance requirements with the USPTO. (Exhibits D and E).

20.     VAN DAM's continued representation to BUTLER as BUTLER's Patent Attorney of Record for the '908 patent even after he stated that he withdrew from legal representation, has occurred without NEAL's knowledge or consent, and with VAN DAM's knowledge that NEAL and BUTLER are adverse parties to one another in the subject matter which VAN DAM is providing legal counsel to BUTLER (Exhibits D and E).

21.     From May 2014 until March 2020, VAN DAM provided patent prosecution services to both NEAL and BUTLER interests as Attorney of record of U.S. Patent Applications as well as Patent Cooperation Treaty Applications.

22.     Also during 2014-2020, VAN DAM provided legal services to both NEAL and BUTLER in creating and maintaining limited liability companies, to include creating operating agreements, maintain filing requirements, and overall business counsel.

23.     Further, during 2014 -2020, VAN DAM provided legal representation services for both NEAL and BUTLER in drafting and submitting U.S. Trademark Applications and registering as their Attorney of Record.

24.     Additionally, during 2014-2020, VAN DAM provided legal representation for both NEAL and BUTLER intellectual property interests in litigation in Trademark Trial and Appeal Board proceedings.

25.     And, during 2014-2020, VAN DAM provided legal representation for both NEAL and BUTLER interests in resolving business disputes including SD Sol consultants.

26.     NEAL was a first time inventor.

27.     NEAL is not a subject matter expert with respect to patent law.

28.     NEAL assumed that equal ownership rights in their patent application also meant that they were entitled to name themselves as co-inventors of their patent applications.

29.     VAN DAM was their Attorney of Record in all of their Patent Prosecution representations.

30.     On June 4 2014, VAN DAM filed the Parent Patent Application 14/296,388 ('388), wherein NEAL is listed as the first inventor and BUTLER as a co-inventor (Exhibit F).

31.     From 2015 through 2017, NEAL engaged with third party consultants in efforts to commercialize their subject matter within the '388 parent application.

32.     Also from 2015 through 2017, these third party consultants, including at least Joel Borgella, collaborated with at least NEAL to create additional nuances to the subject matter of what became the '779 CIP patent application (Exhibits G, H, and I).

33.     During 2015, a teleconference between at least NEAL, VAN DAM and Joel Borgella took place to discuss the subject matter of the '388 parent patent application.

34.     During that 2015 teleconference, an exchange took place between VAN DAM and Joel Borgella concerning the ability to apply the material submitted in the '388 parent patent application into a mobile application or an apparatus.

35.     During that 2015 teleconference Joel Borgella understood and took for action efforts to apply the subject matter of the '388 parent application into a mobile application or apparatus and to conceive and create nuances to the '388 parent application to allow presentation of material that would be patentable.

36.     During that 2015 teleconference it was understood by at least NEAL and Joel Borgella that VAN DAM was now aware of Joel Borgella's involvement in developing material to incorporate into the '388 parent patent application to secure a patent.

37.     Specifically, at least NEAL and Joel Borgella conceived, developed, and provided central claim language elements as well as conceived, developed, and provided figures and specification text that are relied upon in the claims of the '908 patent (Exhibits G, H, and I).

38.     FIG. 5 in the '908 Patent Publication provides context for the claim language in the independent claims, including with respect to predictions for D-UP contests and O-UP contests, enhanced score computations, enhanced stats which will be weighted, and Pick'em contests and their application to predictions, Stat IQ, and recording differences between numerical predictions (Exhibit J).

39.    FIG. 5 in the '908 Patent Publication was conceived, developed, provided, and disclosed by at least NEAL and Joel Borgella working collaboratively together (Exhibit G, pages 1-8).

40.    FIG. 5 in the '908 Patent Publication was disclosed to BUTLER as early as December 29, 2016 through email from Joel Borgella (Exhibit G, page 1).

41.    FIG. 5 in the '908 Patent Publication is exactly the same graphic that was conceived, developed, and produced by at least NEAL and Joel Borgella (Exhibit G, page 8).

42.    The graphic conceived, developed, and produced by at least NEAL and Joel Borgella and delivered to BUTLER via email on December 29, 2016 was copied and pasted directly into the '908 patent application. The same substance, information, material guidance, font, font sizes, headings, and overall copyrightable material was that was created by at least NEAL and Joel Borgella was copied and pasted into the '908 patent application (Exhibit G, page 8).

43.    The material which was conceived, created, developed, and produced by at least NEAL and Joel Borgella was copied by BUTLER and/or VAN DAM, inserted into the '908 patent application, wherein that subject matter that was authored, created, developed by at least NEAL and Joel Borgella as authors, was copied and claimed as the sole intellectual property of BUTLER (Exhibit J).

44.    Specifically, at least NEAL and Joel Borgella  conceived, developed, and provided coined terms used in the claims and also provide their definitions and technical substance in the specification of the '908 patent (Exhibits G, H, and I).

45.    Specifically, at least NEAL and Joel Borgella conceived, developed, and provided essential features of the claimed invention within independent claims 1, 4, and 5 (Exhibits G, H, and I).

46.     Specifically, at least NEAL and Joel Borgella conceived, developed, and provided explicit definitions within the Specification for claim interpretation, and those contributions of at least NEAL and Joel Borgella helped bring about the claimed invention (Exhibits G, H, and I).

47.     In 2017, after a request for continuing examination of that '388 application was not successful and an Office Action was issued on the '388 application, VAN DAM proposed a new Patent application in order to bring in new matter developed by NEAL and at least Joel Borgella into a new Continuation in Part (CIP) patent application in order to obtain patentable subject matter. Since NEAL was a first time inventor, NEAL was not aware of the requirements of the proposed CIP patent application and the requirements to name at least Joel Borgella as a co-inventor (Exhibit K)

48.     In November of 2017, VAN DAM put together a final draft for claims to be submitted in a CIP patent application and sent it to NEAL (Exhibit L).

49.     This final draft, included the base independent claim, which specifically included combination of parent '388 patent application and new subject matter conceived and developed by at least NEAL and Joel Borgella. Because of this, any person who contributed to any part of that claim in that patent application, including the independent base claims, must be named as an inventor. (Exhibit L).

50.     Specifically, the proposed final draft of the base independent claim 1 wherein VAN DAM proposed to NEAL as a co-inventor, is materially identical, and practically verbatim to the base independent claim 1 of the '908 patent wherein BUTLER is named as the sole inventor and was filed with BUTLER as the sole owner (Exhibit M).

51.     In December of 2017, BUTLER presented documents to NEAL for signature. NEAL recalls that these new documents named BUTLER as the first inventor. It is now believed

that these new documents were Power of Attorney and an Inventor's Oath and Declaration forms wherein NEAL was no longer listed as the first inventor but BUTLER was now listed as the first inventor. NEAL refused to sign the documents wherein BUTLER was now the first inventor of what is now believed to be a proposed CIP patent application.

52.     NEAL refused to sign any documents which would remove NEAL as first inventor.

53.     In December of 2017, VAN DAM knowing that there was a conflict between NEAL and BUTLER convened a telephone conference in an attempt to mediate the disagreement. This mediation effort was not successful.

54.     On or about January 26, 2018, it is believed, that a set of documents were sent by VAN DAM to both NEAL and BUTLER for signature in order to pursue filing a new CIP patent application. It is believed that these documents were for filing the new CIP patent application with the new subject matter that was conceived, developed, and provided at least by NEAL and Joel Borgella.

55.     It is believed that these documents included an Inventor's Oath and Declaration naming NEAL as a co-inventor.

56.     It is believed that at least the Inventor's Oath and Declaration naming NEAL as a co-inventor was intended to be filed with the '799 CIP Patent Application.

57.     When it became clear to BUTLER that NEAL was not going to sign the new documents because it named BUTLER as the first inventor, it is believed that VAN DAM and BUTLER working in unison, and in concert, and without NEAL's knowledge, proceeded to file the CIP patent application which became the '779 CIP patent application, which specifically included combination of parent '388 patent application and new subject matter, and wherein the claim language included contributions from at least NEAL and Borgella, wherein both NEAL and

Joel Borgella had contributed to the conception of the claims in the base independent claims 1, 4, and 5 (Exhibit M)

58.    Unbeknownst to NEAL, Joel Borgella should have been named as  co-inventor

59.    VAN DAM knew that Joel Borgella had contributed to the conception of the claimed subject matter in the CIP application. VAN DAM did not prepare an Inventor's Oath or Declaration for Joel Borgella.

60.    This new clandestine CIP patent application '779 was filed by VAN DAM on February 2, 2018 listing BUTLER as the sole inventor and listing BUTLER as the sole owner (Exhibit M).

61.    The filing of the '799 CIP application included the exact claim language that was proposed by VAN DAM in November 2017, which included the inventive concepts from the Parent patent application '388 and inventive concepts conceived by NEAL and Joel Borgella, and the filing of the '779 CIP patent application was done without consent from NEAL (Exhibits L and M).

62.    Both NEAL and Joel Borgella were not aware that BUTLER had engaged with VAN DAM to file the '779 CIP patent application.

63.    NEAL and Joel Borgella continued commercialization efforts with other third parties from 2018 through 2020 of what they believed was subject matter being protected and continued to be prosecuted by VAN DAM within the parent patent application '388.

64.    Of note, is that even though the parent patent application '388 which listed NEAL as the first inventor was pending, BUTLER and VAN DAM filed the '779 CIP patent application, which listed only BUTLER as the sole inventor and BUTLER as the only owner, and therefore VAN DAM was simultaneously prosecuting two different patent applications, each with different

ownership interests, wherein both ownership interests were adverse to one another, and wherein both applications were almost identical subject matter.

65.     The parent '388 application which had an action date of no later than April 30, 2018 to respond with another request for continuing examination or an appeal, and the filed CIP '799 application which was filed on February 2, 2018 were active and alive at the same time.

66.     Therefore VAN DAM was managing and prosecuting patent interests for NEAL at the same time that VAN DAM was managing and prosecuting patent interests for BUTLER, all the while VAN DAM was aware that NEAL and BUTLER were adverse to one another.

67.     VAN DAM knew that NEAL and BUTLER were adverse to one another before filing the CIP '779 application and during the subsequent prosecution of the '799 application and the pending prosecution of the parent '388 application.

68.     VAN DAM knew that both NEAL and Joel Borgella had contributed to the inventive concepts included in the base independent claim for the CIP '779 application, however, only BUTLER is listed as the sole inventor of the '779 CIP application.

69.     Defendant BUTLER deceptively claimed that he was sole inventor of the '908 patent whereby both VAN DAM and BUTLER acted in concert to improperly omit NEAL's rights as an inventor in the patent application and therefore, prevented NEAL from claiming his rights and interests as a rightful inventor under the Patent. Specifically, United States Patent Application No. 14/296,388 which correctly lists Plaintiff NEAL as the first inventor was used as a Parent Application for the Continuation in Part Application15/886,779, which erroneously omits Defendant NEAL as an inventor.

70.     NEAL never authorized or consented, explicitly or implicitly, to abandoning the '388 parent patent application.

71.     The failure of listing NEAL as a coinventor resulted in and was the cause for Plaintiff's loss of rights into the issued Patent 10,143,908, in that Plaintiff NEAL was omitted as an inventor.

72.     NEAL was never advised as to the filing of the '908 patent application without claiming his inventorship, nor NEAL ever, knowingly or intentionally, consented to such omission.

73.     Exhibit N is a claim chart for the '908 patent displaying the elements of independent claims 1, 4, and 5. (Exhibit N).

74.     Exhibit N maps out and details inventor contributions of at least NEAL and Joel Borgella with respect to substantive material conception of patentable subject matter which is included in the '908 issued patent, and provides specific locations within independent claims 1,4, and 5 of the '908 patent which are the contributions of at least NEAL and Joel Borgella (Exhibits N, O, and P).

75.     Clearly displayed in exhibit N is sub element D of independent claim 4 of the '908 patent which states, *inter alia*, "the game-player makes a prediction of formerly non-scoring forced possession changes where a defense prevents an offense from scoring a touchdown or a two point non-conversion, converting on special team points, blocking an extra point, a turnover, a fumble recovery, an interception, a forced quarterback turnover sack, forcing a punt, a safety, a touchback, a fourth down non-conversion, where a formerly non-scoring forced possession change is a scoring event" (Exhibit N).

76.     Independent claim 4 of the '908 patent includes, at least, substantive, non-trivial material, which was conceived by at least NEAL and Joel Borgella concerning the prediction aspect of this sub element. This predictive aspect of this sub element is a substantive and specific

contribution to claim 4. Accordingly, at least NEAL and Joel Borgella are co-inventors of the '908 patent (Exhibit N).

77.    Because VAN DAM was the patent  attorney of record for the '388 patent application wherein NEAL was the first inventor, and because VAN DAM sent NEAL a final draft of claim language that would become the independent claim 1 of the '908 patent, VAN DAM knew that NEAL was a co-inventor of the '908 patent (Exhibits F, K, L, and M).

78.    BUTLER knew that NEAL and Joel Borgella at least created, conceived, developed, and contributed to substantive, non-trivial, subject matter that became included in claim language of the '908 patent.

79.    BUTLER knew that at least NEAL and Joel Borgella were co-inventors of the claimed invention in the '908 patent.

80.    Because VAN DAM is a Florida Bar Certified patent attorney in intellectual property law, VAN DAM is reasonably expected to understand the duty of candor towards the USPTO in accordance with C.F.R. §11.303 which states that a practitioner shall not knowingly make a false statement of fact to the USPTO.

81.    Also, being that VAN DAM is a Florida Bar Certified Expert in intellectual property law, VAN DAM is reasonably expected to understand his obligation to abide by 37 C.F.R. §11.107 governing conflict of interest of clients in that a practitioner may not represent another client who is adverse to a previous or current client unless an informed consent is provided and a written confirmation from that previous or current client is obtained.

82.    VAN DAM is a patent attorney who is reasonably expected to understand his duty to the USPTO in accordance with 37 C.F.R. §1.56 to disclose information material to patentability.

83.     As a patent attorney registered to practice in front of the USPTO, VAN DAM is expected to know and understand his responsibilities under 35 U.S.C.S. §115 with respect to submitting Inventor's Oath or Declaration to the USPTO, in that any willful false statements made in an inventor's Oath or Declaration is punishable under 1001 of Title 18.

84.     VAN DAM is a patent attorney who is expected to know and understand that in accordance with 35 U.S.C.S. §116 with respect to inventors, that each coinventor to a patent application must submit an inventor's Oath or Declaration.

85.     Patent Attorney VAN DAM practicing in front of the USPTO is expected to know and understand violations or attempts to violate the USPTO Rules of Professional Conduct will subject VAN DAM to misconduct in accordance with 37 C.F.R. §11.804.

86.     BUTLER knew that at least NEAL and Joel Borgella were co-inventors of the '799 CIP patent application.

87.     VAN DAM knew that at least NEAL and Joel Borgella were co-inventors of the '799 CIP patent application.

88.     BUTLER, as the inventor and sole owner of the '779 patent application, submitted his inventor's Oath in the '779 CIP Patent Application as the only and sole inventor of the '799 CIP patent application.

89.     VAN DAM, as the Patent Attorney of record, submitted and filed BUTLER's inventor's Oath in the '779 CIP Patent Application as the only and sole inventor of the '799 CIP patent application.

## COUNT I – CORRECTION OF INVENTORSHIP (35 U.S.C. §256)

Plaintiff reasserts and reaffirms the allegations made in Paragraphs 1-89 above as if they had been fully restated herein below.

90.     U.S. Patent No. 10,143,908 fails to name all true inventors.

91.     U.S. Patent No. 10,143,908 incorrectly names BUTLER as the sole inventor, and omits Plaintiff Neal, who contributed to the conception of at least one claim of the Patent.

92.     U.S. Patent No. 10,143,908 incorrectly names BUTLER as the sole inventor, and omits interested party Joel Borgella, who contributed to the conception of at least one claim of the Patent.

93.     Plaintiff NEAL made an inventive contribution to the subject matter claimed in the 10,143,908 Patent, and is therefore entitled to be listed as a co-inventor under 35 U.S.C. §256.

94.     Interested Party Joel Borgella made an inventive contribution to the subject matter claimed in the 10,143,908 Patent, and is therefore entitled to be listed as a co-inventor under 35 U.S.C. §256

95.     Plaintiff NEAL did not assign their rights in the invention to any of the Defendants.

96.     Interested Party Joel Borgella did not assign their rights to the invention to any of the Defendants.

97.     Plaintiff NEAL and Interested Party Joel Borgella made significant and original contributions to at least one claim in the 10,143,908 issued Patent.

98.     Plaintiff NEAL and Interested Party Joel Borgella were omitted as inventors without consent and contrary to factual contributions to the conception of the invention.

99.     Correction of inventorship is appropriate under 35 U.S.C. §256.

100.    Plaintiff NEAL seeks an order from this Court correcting the inventorship of the Patent to include NEAL and Joel Borgella as co-inventors.

**COUNT II – DECLARATORY JUDGMENT OF INVALIDITY (28 U.S.C. §2201)**

Plaintiff reasserts and reaffirms the allegations made in Paragraphs 1-89 above as if they had been fully restated herein below.

101.    The issuance of U.S. Patent No. 10,143,908 naming only BUTLER as the sole inventor renders the Patent invalid under 35 U.S.C. §§115 and 116 for failing to name the correct inventors.

102.    U.S. Patent No. 10,143,908 should be invalidated because the Applicant, BUTLER, misrepresented material information to the USPTO with the specific intent to deceive the USPTO when filing the '779 patent application, and Applicant's conduct warrants rendering the entire 10,143,908 patent unenforceable, due to inequitable conduct in front of the USPTO, by BUTLER intentionally omitting inventors who contributed to claims of the '908 patent and done so to deceive the USPTO.

103.    U.S. Patent No. 10,143,908 should be invalidated because the patent attorney, VAN DAM, breached duty his duty of candor to the USPTO with the specific intent to deceive the USPTO when filing the '779 patent application, and patent attorney's conduct warrants rendering the entire 10,143,908 unenforceable due to patent attorney's breach of his duty to disclose information material to patentability in accordance with 37 C.F.R. §1.56, by VAN DAM intentionally omitting inventors who contributed to claims of the '908 patent and done so to deceive the USPTO.

104.    The issued U.S. Patent No. 10,143,908 was procured through inequitable conduct before the USPTO.

105.    BUTLER, the named sole inventor and sole owner of the Patent at the time of filing, together with VAN DAM, as the prosecuting Attorney, intentionally withheld material information

and failed to disclose the contributions of omitted inventors, in violation of their duty of candor under 37 C.F.R. §1.56.

106.   This misconduct materially affected the patentability of the claims.

107.   As a result, the 10,143,908 Patent is unenforceable and invalid.

108.   NEAL seeks an order from this Court rendering the 10,143,908 patent invalid and unenforceable as issued.

## COUNT III – DECLARATORY JUDGMENT REGARDING BREACH OF FIDUCIARY DUTIES, VIOLATION OF DUTY OF LOYALTY, AND CONFLICT OF INTEREST BY PATENT ATTORNEY

Plaintiff reasserts and reaffirms the allegations made in Paragraphs 1-89 above as if they had been fully restated herein below.

109.   Defendant VAN DAM previously represented NEAL in NEAL's interests in the '388 parent patent application, giving rise to an attorney-client relationship and fiduciary duties.

110.   Defendant VAN DAM thereafter represented solely Defendant BUTLER in filing the '779 CIP Patent Application while VAN DAM was still representing NEAL's interests in the '388 Parent Patent Application, and wherein VAN DAM was aware of a conflict of interests between NEAL and BUTLER, and wherein VAN DAM did not disclose to NEAL or obtain written consent from NEAL.

111.   Defendants VAN DAM thereafter represented or collaborated with Defendant BUTLER in connection with the prosecution of the '799 CIP Patent Application without disclosing the conflict or obtaining informed consent from NEAL.

112.   Defendant VAN DAM assisted in excluding NEAL from the named inventors of the 10,143,908 patent and failed to disclose material information to the USPTO constituting a

breach of fiduciary duty and a violation of professional ethics rules, including 37 C.F.R. §§11.106 and 11.107.

113.    NEAL was materially harmed by VAN DAM's breach of his duties to NEAL.

114.    VAN DAM, as patent attorney of record for U.S. Patent 10,143,908, simultaneously represented both NEAL in connection with the parent patent application form which the CIP Patent 10,143,908 claims priority, and represented BUTLER, as the listed sole inventor and sole owner of the '799 CIP Patent application which matured into the CIP Patent No. 10,143,908.

115.    NEAL and BUTLER had adverse interests at the time of the '799 CIP patent application filing.

116.    VAN DAM knew or reasonably should have known of the adverse interests between NEAL and BUTLER.

117.    VAN DAM failed to obtain proper informed consent from NEAL and proceeded to file the '799 CIP patent application listing only the adverse party, BUTLER as sole owner and sole inventor, and omitting Plaintiff NEAL without disclosure or consent.

118.    Such conduct constitutes a breach of fiduciary duties, a violation of the duty of loyalty, and a conflict of interest under applicable ethical rules, including 37 C.F.R. §§11.106 and 11.107.

119.    NEAL seeks a declaratory finding that Defendants VAN DAM breached duties owed to NEAL, for use in this and subsequent proceedings.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court grant the following relief:

A.  Declare that NEAL is a co-inventor of the U.S. Patent No. 10,143,908;

B.  Declare that Joel Borgella is a co-inventor of the U.S. Patent No. 10,143,908;

C.  Ordering correction of the inventorship of the U.S. Patent No. 10,143,908 under 35 U.S.C. §256 to add NEAL as co-inventor;

D.  Ordering correction of the inventorship of the U.S. Patent No. 10,143,908 under 35 U.S.C. §256 to add Joel Borgella as co-inventor;

E.  A declaratory judgment that U.S. Patent No. 10,143,908 is invalid and unenforceable as issued due to VAN DAM's inequitable conduct before the United States and Patent Office;

F.  A declaratory judgment that U.S. Patent No. 10,143,908 is invalid and unenforceable as issued due to BUTLER's inequitable conduct before the United States and Patent Office;

G.  A declaratory judgment that U.S. Patent No. 10,143,908 patent is invalid and unenforceable as issued due to incorrect inventorship;

H.  A declaratory judgment that Defendants VAN DAM breached fiduciary duties and obligations to NEAL;

I.  A declaration that the '908 patent is unenforceable due to inequitable conduct before the United States Patent and Trademark Office, including the knowing submission of false inventor oaths and material misrepresentations;

J.  An award of attorneys' fees and costs pursuant to 35 U.S.C. § 285 on the grounds that this is an exceptional case, and under the Court's inherent equitable powers due to the egregious conduct of Defendants in procuring the patent by fraud;

K.  Impose any equitable relief deemed just and proper by the Court, including the imposition of a constructive trust over any rights, title, or interest in the corrected

U.S. Patent No. 10,143,908, for the benefit of the Plaintiff as an omitted co-inventor, and for the benefit of Interested Party Joel Borgella as an omitted co-inventor; and

L.  Such other and further relief as the Court may deem just and proper.

Plaintiff EDDIE NEAL does not demand a trial by jury and respectfully requests that all issues be tried to this Court.

DATED this 29th day of April 2025.

Respectfully submitted,

Bailey Duquette P.C.
1700 E. Las Olas Blvd, Suite 207
Fort Lauderdale, Florida 33301
Telephone: 954.374.1111

/s/ Robert Drolet
Robert Drolet, Esq.
Fla Bar No. 1004135
German Morales, Esq.
Fla Bar No. 015525
german@baileyduquette.com
rob@baileyduquette.com
yanina@baileyduquette.com